UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW T. CURTIS,<br>    Plaintiff,<br><br>    v.<br><br>CURTIS T. HILL, JR.,<br>    Attorney General of the State of<br>    Indiana,<br><br>    Defendant. | )<br>)<br>)<br>)  Case No 3:19-cv-073-JD-MGG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **OPINION & ORDER**

In response to the Court dismissing Plaintiff Matthew Curtis' Complaint and denying his Motion for a Preliminary Injunction [DE 24], Mr. Curtis filed a First Amended Complaint and the instant Rule 57 Motion for Speedy Hearing simultaneously. [DE 25, 27]. In his motion, Mr. Curtis requests that the Court set a "speedy hearing" to address the legal question of whether his online operation constitutes gambling under Indiana law. [DE 26 at 2]. For the reasons stated below, the Court denies Mr. Curtis' request for a speedy hearing.

Mr. Curtis brings this motion under Rule 57 of the Federal Rules of Civil Procedure which states "[t]he court may order a speedy hearing of a declaratory-judgment action." While it is within the Court's discretion to expedite proceedings, Mr. Curtis has not persuaded the Court that a speedy hearing is warranted here. Mr. Curtis argues a speedy hearing is necessary because the matter is urgent, the relevant facts are undisputed, and a declaratory judgment will resolve or narrow the parties' disputes. [DE 26 at 4-5]. Mr. Curtis has not established that this matter requires urgent attention. In his motion and the concurrently filed First Amended Complaint, Mr. Curtis argues that his website is not in violation of the Indiana statute. [DE 26 at 3; DE 27 at 2]. Consequently, he cannot also claim an urgent risk of prosecution. Further, Mr. Curtis

1

mischaracterizes that the parties' only legal dispute is one of statutory interpretation. The Attorney General is disputing Mr. Curtis' standing to bring the suit in its entirety. This threshold issue must be adjudicated before the Court can reach the issues on their merits. Mr. Curtis requests the statutory interpretation be resolved by oral argument, "much like a motion for judgment on the pleadings." [DE 26 at 5]. However, the pleadings had not yet been completed, and in response to Mr. Curtis' First Amended Complaint, the Attorney General filed a Motion to Dismiss for failure to state a claim and lack of subject matter jurisdiction. [DE 30]. Therefore, the relevant disputed facts are more extensive than Mr. Curtis represents. Lastly, while a declaratory judgment on the issue presented by Mr. Curtis would resolve or narrow the dispute, this does not require the Court to grant a speedy hearing on the matter.

Therefore, the Court DENIES the motion for a speedy hearing. [DE 25].

SO ORDERED.

ENTERED: March 3, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court